IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHN TIMOTHY CHADWICK CROSS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:22-CV-224-WHA-CSC |
| ) | [WO] |
| NURSE HEAD - MEDICAL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

*Pro se* Plaintiff John Cross ["Cross"] is an inmate detained at the Russell County Jail in Phenix City, Alabama. This action is proceeding on Cross' Amended Complaint filed against Nurse Head – Medical, Sheriff Heath Taylor, Steven Johnson, Paul Weatherly, and Russell County Jail Staff.[1] Cross complains of money being taken from his account for "medical," missing medical appointments, and the opening of legal mail. For relief, Cross seeks the return of his funds and that the Court "do to them as you would me

---

[1] Upon review of Cross' original Complaint, the Court found it contained deficiencies and granted him an opportunity to file an amended complaint to correct those deficiencies. *See* Doc. 6. Because Cross' amended complaint did not comply with the instructions in the Order to amend, the Court granted Cross a further opportunity to file a second amended complaint and again provided Cross with specific instructions regarding the filing of the amended complaint. Doc. 8. This matter is before the Court on Cross' Amended Complaint filed on July 15, 2022. Doc. 9.

for stealing" (Doc. 9 at 4), implying a request that criminal charges be brought against Defendants.[2] Doc. 9 at 2–4.

Upon review, the Court concludes dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

## II. STANDARD OF REVIEW

Because the Court granted Cross leave to proceed *in forma pauperis* (Doc. 5), his Amended Complaint is subject to screening under 28 U.S.C. § 1915A, which requires a court to dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks and arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also frivolous when the defendant is immune from suit, the claim seeks to enforce a right that clearly does not exist, or an affirmative defense, such as the statute of limitations, would defeat the claim. *Id*. at 327; *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990). In analyzing § 1915 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "It necessarily follows that in the absence of the

---

[2] Cross' request to bring criminal charges against Defendants is unavailing. That is because "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981); *Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141 (11th Cir.1987).

2

defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*."

*Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

### III. DISCUSSION

#### A. Russell County Jail Staff

"Staff at Russell County Jail" is listed as a defendant in the caption of the Amended Complaint. Doc. 9 at 1. This designation fails to properly name a defendant as required by the applicable federal rule. *See* Fed. R. Civ. P. Rule 10(a) ("The title of the complaint must name all the parties."). *See Hindes v. The Federal Deposit Insurance Corp.*, 137 F.3d 148, 155 (3d Cir. 1998) (holding that case law requires dismissal of fictitious parties when their proper identities are not submitted to the court); *New v. Sports and Recreation, Inc.*, 114 F.3d 1092, 1094 at n. 1 (11th Cir.1997) (noting that fictitious party practice is not permitted in federal court). Moreover, without proper identification of an individual as a party, the individual is not on adequate notice that a claim has been lodged against him or her. Cross' Amended Complaint against unidentified staff of the Russell County Jail is therefore due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

**B.     Medical Claims**

Cross alleges that around October 30, 2021, Defendant Head began taking money from his inmate account "for medical." He claims, however, that the "State of A[labama] said they would pay for everything to do with me being they took my bond." Cross additionally asserts he has missed all mental health appointments and some doctor appointments. Doc. 9 at 3.

Cross does not identify the constitutional basis on which he brings his claim. The undersigned will construe Cross' challenges regarding assessment of a fee for medical services and missing his medical appointments as challenges to the adequacy of medical care received at the jail under the Eighth Amendment.[3]

To state a claim under 42 U.S.C. § 1983 based on a failure to provide adequate medical care, Cross must allege that he has or had a serious medical condition and that jail

---

[3] While it is unclear from the Amended Complaint whether Cross is a pretrial detainee or convicted prisoner, if the former, the Fourteenth Amendment, rather than the Eighth Amendment, provides the appropriate standard for assessing whether conditions of confinement imposed upon a pretrial detainee violate the Constitution. *Bell v. Wolfish*, 441 U.S. 520 (1979); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 n.6 (11th Cir.1997); *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir.1996) (holding that "[c]laims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause...."). However, there is no meaningful difference between the analysis required by the Fourteenth Amendment and that required by the Eighth Amendment. *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir.1985); *Cottrell*, 85 F.3d at 1490 (holding that "the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees."). Thus, while Cross' status at the jail is unclear, the undersigned relies on cases interpreting the Eighth Amendment's prohibition against cruel and unusual punishment and not the Fourteenth Amendment's guarantee of due process when addressing Cross' inadequate medical care claim as the standard for violations of the Eighth Amendment applies to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. *Tittle v. Jefferson County Commission*, 10 F.3d 1535, 1539 (11th Cir.1994) (observing "[w]hether the alleged violation is reviewed under the Eighth or Fourteenth Amendment is immaterial.").

or medical personnel were deliberately indifferent to his needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir.2000). A "serious medical need" is one which has been diagnosed by a physician as mandating treatment or one that is so obvious that even a layperson would easily recognize the need for a doctor's attention. *Laamon v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H.1977). This standard reflects society's belief that prisoners do not have a constitutional entitlement to unqualified access to health care. *Estelle*, 429 U.S. at 103–104. Deliberate indifference is demonstrated only where jail or medical personnel consciously disregard a substantial risk of serious harm to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). It is the necessity of the medical treatment sought, not the desirability of such treatment, which determines whether prison or medical officials have exhibited deliberate indifference. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir.1985). Thus, to establish "deliberate indifference to [a] serious medical need . . ., [Cross] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (holding that, for liability to attach, the official must know of and then disregard an excessive risk of harm to the prisoner).

While complaints filed *pro se* are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers," *Erikson v. Pardus,* 551 U.S. 89, 94 (2007) (citations and quotation marks omitted), a *pro se* plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. That is, a *pro se*

complaint must still contain "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is insufficient if it "tenders naked assertions devoid of further factual enhancement." *Id*. (internal quotations marks and citation omitted).

In this case, despite the specific instructions in the Orders requiring Cross to file an amended complaint,[4] the allegations on which this matter is pending (Doc. 9) are no more than "naked assertions" lacking in any factual content indicating that any Defendant acted unlawfully. Regarding Cross' allegation that Nurse Head took money of his account "for medical" but the State of Alabama "said they would pay for everything," (Doc. 9 at 3), requiring inmates with adequate resources to pay for a small portion of their medical care does not necessarily result in arbitrary or burdensome procedures which constitute a violation of the Eighth Amendment. *See Reynolds v. Wagner*, 936 F. Supp. 1216, 1224 (E.D. Pa. 1996). Cross does not allege that he was refused necessary medical treatment because he lacked sufficient funds, or that he has been or will be denied necessary medical

---

[4] The Orders instructing Cross to file an amended complaint informed him, *inter alia,* that (1) he must name the individuals he claimed were personally responsible for the alleged violations of his constitutional rights (2) describe what each defendant did that amounted to a violation of his constitutional rights without referring to the defendant as a group, *e.g.*, "the defendants," "they"— and link each of them to his claim(s) by explaining what each involved defendant did or failed to do that caused a violation of his rights (3) include only those facts which allow the Court to identify the specific claims being made against each defendant (4) state when and where the challenged incident(s) underlying the violation of his rights occurred and (5) describe how the acts or omissions of each defendant resulted in harm to him and describe the nature of the harm. *See* Docs. 6, 8.

treatment in the future, or that his health will be endangered by the imposition of a fee for proposed medical service. Without more, the allegation in Cross' Amended Complaint regarding the deduction of fees for medical services simply reflects his belief that he is entitled to the benefit of cost-free maintenance.

Unquestionably, if an inmate is unable to pay for necessary medical care, he must be maintained at state expense. *See Estelle*, 429 U.S. 97. However, the deduction of fees from inmate accounts for the provision of medical care and treatment is not a condition which requires inmates to bear unconstitutional conditions—rather, it forces them to make responsible resource allocation decisions. *See Martin v. DeBruyn*, 880 F. Supp. 610, 614 (N.D. Ind. 1995); *Jabbar v. Woody*, 2009 U.S. Dist. LEXIS 129790, *13 (E.D. Va. Sept. 29, 2009) (finding "[i]nmates are not entitled to free medical care, and an inmate's displeasure at having to pay [a] co-payment does not present a constitutional claim."). Because Cross' allegation of deliberate indifference against Nurse Head in relation to medical co-pays is insufficient to state a claim on which relief may be granted, the claim is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

Cross also makes the conclusory and unsupported allegation that he has missed mental health and medical appointments. Doc. 9 at 3. Again, despite the instructions given Cross regarding the filing of an amended complaint, this assertion is devoid of any specific factual allegations against any named defendant sufficient to provide him or her with notice of the claim being made. Nor does Cross allege any specific injury or legal violation stemming from this claim. Because Cross' assertion of missed medical appointments fails to contain "enough facts to state a claim to relief that is plausible on its face," *Twombly,*

550 U.S. at 570, it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted.

### C. Mail Claim

In his Amended Complaint, Cross states "opening [our] legal mail." Doc. 9 at 2. Cross' conclusory statement alleges no facts to state a plausible claim for relief much less allege any unconstitutional actions taken by any named defendant. *See Iqbal*, 556 U.S. at 678 (quotation marks and citation omitted) (finding that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). And by using the word "our," it is not clear that Cross is even attempting to assert a claim on his own behalf. Because Cross' assertion concerning the opening of legal mail is wholly insufficient, it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that:

1. Plaintiff's claims against "Staff at Russell County Jail" be DISMISSED with prejudice under 1915(e)(2)(B)(i).

2. Plaintiff's claims against Defendants Head, Taylor, Johnson, and Weatherly be DISMISSED without prejudice under 1915(e)(2)(B)(ii).

3. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i–ii).

It is ORDERED that by **August 4, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 21st day of July 2022.

    /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE